IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-899

Filed 15 August 2023

Person County, No. 18 CRS 51065

STATE OF NORTH CAROLINA

v.

TERRELL WILEY

Appeal by Defendant from Judgment entered 31 March 2022 by Judge William D. Wolfe in Person County Superior Court. Heard in the Court of Appeals 26 April 2023.

*Attorney General Joshua H. Stein, by Senior Deputy Attorney General Amar Majmundar, for the State.*

*Glover & Petersen, P.A., by James R. Glover, for Defendant-Appellant.*

HAMPSON, Judge.

## Factual and Procedural Background

Terrell Wiley (Defendant) appeals from Judgment entered 31 March 2022 upon a jury verdict finding him guilty of First-Degree Murder. The Record before us tends to reflect the following:

On 10 September 2018, Defendant was indicted for First-Degree Murder. The matter came on for trial on 28 March 2022 in Person County Superior Court. On the

third day of trial, 30 March 2022, the trial court noted a residency discrepancy with one of the jurors:

> THE COURT: All right. Let the record reflect the jury is not in the courtroom. This morning the Court was informed that one of our jurors -- and which juror is it, Mr. Clerk? Joshua Buchanan, number 4?
>
> THE CLERK: Yes. That's correct.
>
> THE COURT: All right. I was informed by the clerk that juror number 4 was having car trouble and was going to be significantly late. After consultation with counsel for both sides, I directed the sheriff to deploy to his location to bring him here. The sheriff has informed the Court that he did so, and that the juror was not present, that the people who were reported that he did not actually reside at that address, but instead lived in Durham County. I'm told that the juror actually pulled up to that location sometime while the sheriff was still there on -- on scene and confirmed that he did, in fact, live in Durham County and not in Person County. So what I'm going to do is I'm going to make inquiry of the individual juror as to whether or not that is true. And if it is true, then I'm going to replace him with an alternate. Would you bring me juror number 4 only, please, Mr. Sheriff?
>
> THE BAILIFF: Yes, sir.
>
> THE COURT: All right. For the record, juror number 4, Mr. Joshua Buchanan, and only Mr. Buchanan, is now in the courtroom from the jury. Mr. Buchanan, I understand you had an issue getting here today?
>
> JUROR BUCHANAN (4): Yes, sir. I had car trouble this morning.
>
> THE COURT: Okay. There's nothing wrong with that, of course. That's outside of your control. But the sheriff told me that -- I sent him to go pick you up.
>
> JUROR BUCHANAN (4): Yes, sir.

THE COURT: And he told me that when he got there that the people who were -- you weren't there, and the people who were said that you lived in Durham County.

JUROR BUCHANAN (4): Yes, sir. Just last week I moved to Durham County. But I don't currently have any mail going there or any way to prove I live in Durham County, so I didn't bring that up to the Court. I've been a resident of Roxboro for all my life. I just literally moved to Durham.

THE COURT: When was that?

JUROR BUCHANAN (4): I still don't -- last week. I still don't even have all my stuff moved in. Like half of my stuff is still at my mom's house versus where the sheriff showed up at. I'm still currently living in between both places because I currently work in Roxboro. So some nights I stay here and some nights I stay in Durham. I don't stay all the way -- I don't stay in Durham completely yet. I still haven't moved all my stuff there.

THE COURT: All right. Can I see counsel at the bench.

After a bench conference, the trial court dismissed Juror Buchanan to the jury room. The trial court then heard from both the State and defense counsel. The State asked the trial court to remove Juror Buchanan based on his statements—indicating he had moved and resided in Durham County—and replace him with one of the alternate jurors. Defense counsel asked that Juror Buchanan remain on the jury, arguing Juror Buchanan had not established a residence in Durham County and had not terminated his residency in Person County.

The trial court then excused Juror Buchanan from the jury and replaced him with one of the alternate jurors. In excusing Juror Buchanan, the trial court and Juror Buchanan engaged in the following colloquy:

THE COURT: All right. Mr. Buchanan, what I'm going to do is I'm going to excuse you from the jury and replace you with one of the alternates. Residency is one of the requirements to be a juror. All right. And that is something that if it has changed that you need to let the Court know as soon as possible if your -- yes, sir.

JUROR BUCHANAN (4): I still live half in Roxboro.

THE COURT: I understand.

JUROR BUCHANAN (4): I'm not a full Durham County resident as of right now.

THE COURT: I understand.

JUROR BUCHANAN (4): I'm still staying here.

THE COURT: I understand there was some -- some gray matter about it. It was a gray area for you. I get that. But it is of vital importance that you let the Court know that kind of thing. I'm not going to impose any sanction on you for that, you understand.

JUROR BUCHANAN (4): Yes, sir.

THE COURT: But that is one of the foundational things that you have to have to be a juror. So that's something, for example, when you were being asked about it -- because all the jurors were during jury selection -- what part of the county do you live in, that's the kind of answer you should have given. So what I'm going to do is I'm going to replace you with one of the alternates. Mr. Clerk, I'm going to direct that Mr. B[uchanan] not be paid for his jury service here this week. That's not based on any kind of contempt finding. It's based on the fact that he was never a proper juror for Person County because he's moved to Durham. Even though I realize you do split your residence right now, Mr. B[uchanan]. Okay. So you're excused.

On 31 March 2022, Defendant was found guilty of First-Degree Murder. Defendant was sentenced to life imprisonment without parole. On 5 April 2022, Defendant timely filed written Notice of Appeal.

## Issue

The sole issue on appeal is whether the trial court abused its discretion in excusing a juror from service upon discovery the juror was no longer a resident of Person County.

## Analysis

Defendant contends the trial court erred in removing Juror Buchanan from jury service upon discovery Juror Buchanan moved to Durham County. We disagree.

With respect to the qualification of jurors, N.C. Gen. Stat. § 9-3 provides: "All persons are qualified to serve as jurors and to be included on the master jury list who are citizens of the State and residents of the county . . . Persons not qualified under this section are subject to challenge for cause." N.C. Gen. Stat. § 9-3 (2021). Further, N.C. Gen. Stat. § 15A-1211(d) provides the trial court: "may excuse a juror without challenge by any party if he determines that grounds for challenge for cause are present." N.C. Gen. Stat. § 15A-1211(d) (2021). Such a determination is reviewed for an abuse of discretion. *State v. Nobles*, 350 N.C. 483, 513, 515 S.E.2d 885, 903 (1999).

In *State v. Tirado*, our Supreme Court noted that the trial court properly executed its authority under N.C. Gen. Stat. § 15A-1211 when determining an individual failed to meet the statutory requirements to serve as a juror when the

individual admitted she was not a resident of the county where the trial took place. 358 N.C. 551, 574, 599 S.E.2d 515, 531 (2004). There, the prospective juror informed the trial court that she moved to Wake County, but her "permanent address" remained in Cumberland County "with [her] mom", where the trial was taking place. *Id.* at 573, 599 S.E.2d at 531. The trial court excused the prospective juror from service, concluding she was no longer a resident of Cumberland County. *Id.* at 574, 599 S.E.2d at 531.

Similarly, here, Juror Buchanan admitted he moved to Durham County prior to reporting for jury service. However, Juror Buchanan also informed the trial court he was living between both Durham County and Person County, noting "half of [his] stuff is still at [his] mom's house". In excusing Juror Buchanan, the trial court acknowledged Juror Buchanan "split" his residence, but ultimately concluded he was "never a proper juror for Person County because he's moved to Durham." This conclusion is consistent with the Supreme Court's decision in *Tirado*. Because Juror Buchanan, like the prospective juror in *Tirado*, admitted to moving to a different county prior to reporting for jury service, it was within the trial court's discretion to excuse Juror Buchanan from further jury service. *Id.* Thus, the Record before us adequately establishes the trial court properly executed its discretionary authority under N.C. Gen. Stat. § 15A-1211(d) in determining Juror Buchanan failed to meet the statutory requirements to sit as a Person County juror. Therefore, the trial court

did not abuse its discretion in excusing Juror Buchanan from jury service. Consequently, the trial court did not err in entering Judgment against Defendant.

## **Conclusion**

Accordingly, for the foregoing reasons, we conclude there was no error at trial and affirm the trial court's Judgment entered 31 March 2022.

NO ERROR.

Judges CARPENTER and STADING concur.